The undersigned have reviewed the record of the proceedings before Deputy Commissioner Bost and the Opinion of the Supreme Court filed 8 October 1999 and the Opinion of the Court of Appeals filed 20 April 1999. Accordingly, the Full Commission enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over this matter, and the plaintiff ("Employee) was the employee of defendant Sara Lee Knit Products ("Employer) at the time in question.
2. Employer was a qualified self-insurer, and Constitution State Servicing Company was the servicing agent.
3. A Form 22 Wage Chart was prepared, which yields an average weekly wage of $423.29.
 ***********
The Full Commission, in accordance with the Supreme Court holding, finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 46 years old and had not worked since 11 April 1994. On 27 January 1994, plaintiff was working at Sara Lee sewing collars as part of a production team. The production team consisted of ten people working together to complete a T-shirt. Plaintiffs team was paid based on the productivity of their team.
2. On 27 January 1994 at approximately 10:00 a.m., a co-worker, Shelley Bright, approached the plaintiff and told her that plaintiffs nephew, who was Mrs. Brights husband, had been in a car accident. Mrs. Bright proceeded to the parking lot. Then, plaintiff asked a team member if it would be okay for her to go into the parking lot to check on Mrs. Bright. Although company policy prohibits personnel in the parking lot except at authorized times unless the employee has the permission of a supervisor, this policy was habitually disregarded. Furthermore, there is no evidence that plaintiff or any other employees were disciplined for violations of this policy.
3. Plaintiff went into the parking lot on the employers premises to check on her coworker, Mrs. Bright, and to ask if Mrs. Bright would like for plaintiff to accompany her to the wreck scene. While in the parking lot, plaintiff slipped on ice and fell. As plaintiff was falling, she grabbed Mrs. Brights car door with her left hand and fell on her back.
4. Since Mrs. Bright needed no help, plaintiff returned to her work station and approximately two hours later reported to her supervisor, Carol Bottomly, that she had fallen in the parking lot and injured her shoulder. No complaints were made of any low back injury.
5. At 5:30 p.m. that day, plaintiff reported her injury to the plant nurse. Thereafter, plaintiff was seen by several physicians including an orthopedist and a neurologist.
6. When plaintiff fell on the ice, she was in the parking lot on defendant-employers premises and in the process of helping a coworker, which appreciably benefited defendant-employer creating a feeling of goodwill.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiffs fall on 27 January 1994 arose out of and in the course and scope of her employment. Plaintiffs presence in the parking lot to aid her coworker and niece was on the employers premises and was of appreciable benefit to defendant-employers business and therefore calculated to further the employers business indirectly. Therefore, plaintiffs presence in the parking lot was reasonably related to her employment. Choate v. Sara Lee Products, 351 N.C. 46 (1999).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. This case is hereby Remanded to a Deputy Commissioner for a full evidentiary hearing and findings and conclusions concerning the compensable consequences of this claim.
2. Defendant shall bear the costs.
This the ___ of February 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER